S. Samuel Di Falco, S.
The first objection to the intermediate accounting of the trustee is to payment, in each of the years, of the sum of $25 to attorneys for preparation of the trustee’s annual account. No reason appears why legal services were necessary in the preparation of annual accounts. Annual statements were required because the trustee retained commissions annually and was, therefore, under a duty to furnish the beneficiaries with the statements specified by statute. (Surrogate’s Ct. Act, § 285-a, subd. 4.) The trustee is required to keep proper records and he is compensated for such services. Except for a small cash balance, all of the assets of this trust estate are invested in United States Savings Bonds. The present account is a very simple affair and the annual statements — or accountings as they are called herein — must necessarily have been brief and simple. They must have been prepared from the records which the trustee is required to keep. There is no proof that any legal services whatever were necessary in connection with such statements. A fiduciary “has no right to employ counsel at the expense of the estate to do what he himself should do and for the doing of which he is compensated by his commissions.” (Matter of Lester, 172 App. Div. 509, 519.) If he chooses to delegate to another the performance of services for which he is compensated by the trust estate, he must pay for such services personally. The first objection is sustained, and the trustee is surcharged with the total of such payments.
In his brief the trustee attempts to show that the objectant had estopped himself by his consent to such a course of conduct. No such proof was offered at the hearing. It cannot be supplied in the appendix to a brief.
The second objection relates to attorneys’ fees. The petition of the accounting trustee requests the fixation of his attorneys’ compensation in the sum of $750. The objectant regards the sum as excessive. The court fixes the compensation of the attorneys in the sum of $450.
The third objection is directed to the schedules of the account which report a loss of $16.50 on the redemption of a United States Savings Bond, Series G. The objection is not directed to the act of the trustee in redeeming the bond, but rather to the act of the trustee in purchasing Series G- bonds under circumstances where he should have known that it would be necessary to redeem bonds from time to time, at a loss to the estate. The difference between the face value and the redemption value *717 of the bond is chargeable against the income of the trust and not against principal. (Matter of Coulter, 204 Misc. 473, 475, affd. 283 App. Div. 691.) Insofar as the loss is charged against principal, the objection is sustained.
The fourth objection is to the investment in United States Savings Bonds, Series G and Series K, on the ground that the trustee should have invested in securities paying a greater income. The objectant has no interest in the income of the trust, and his objection is, therefore, dismissed.
Submit decree on notice settling the account accordingly.